NO. 07-05-0452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 26, 2006

______________________________

EDWARD OSWALT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B16032-0505; HONORABLE ED SELF, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, Edward Oswalt, appeals his conviction for the offense of arson and sentence of five years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

On May 7, 2004, a fire heavily damaged appellant’s property at 711 12
th
 Street in Abernathy, Texas.  An arson investigator, Kelly Vandygriff, investigated the scene and discovered that an unidentified accelerant was used 
and that the fire began at two different locations within the home.  Vandygriff’s opinion was that the fire was intentionally set.   At trial, witnesses testified seeing appellant, among others, present at the home shortly before the fire.  However, appellant’s witnesses provided him an alibi for the time of the fire.  The jury returned a guilty verdict and assessed punishment at five years in the Institutional Division of the Texas Department of Criminal Justice. 

By two issues, appellant challenges the legal and factual sufficiency of the evidence sustaining the finding of guilt. 

Standard of Review - Legal Sufficiency

When reviewing challenges to both the legal and factual sufficiency of the evidence supporting a verdict, we first review the legal sufficiency challenge.  
See
 
Clewis v. State
, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  A legal sufficiency review consists of reviewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  However, the jury is the sole judge of the weight and credibility of the evidence.   
Clewis
, 922 S.W.2d at 132 n.10 (citing 
Chambers v. State
, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991)).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury’s verdict unless it is irrational or unsupported by more than a “mere modicum” of evidence.  
See
 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim.App. 1988).  We resolve inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 3
0 S.W.3d 394, 406 (Tex.Crim.App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.  
Guevara v. State
, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).  Furthermore, the standard of review is the same for both direct and circumstantial evidence.  
Id
.  

Analysis

To obtain a conviction for arson, the State had to prove that appellant started a fire intending to damage or destroy a habitation knowing that the habitation was located within the incorporated limits of a town.  
Tex. Pen. Code Ann.
 § 28.02(a) (Vernon Supp. 2006).  Appellant concedes, on appeal, that an incendiary fire occurred and that the habitation was located within the incorporated limits of Abernathy, Texas.  However, appellant contends that there is no direct evidence showing he is the person who set the fire. 

Five witnesses testified that appellant was at the house within 10 to 15 minutes prior to the discovery of the fire.  By contrast, appellant’s witnesses place him at locations other than the home shortly before and during the fire.  Vandygriff testified that, after his arson investigation of the remains of the home,  he concluded that an accelerant was used to start the fire, the fire began in two different locations, and the fire was discovered within 10 to 15 minutes of ignition. 

Although the State’s evidence that appellant ignited the fire was circumstantial, that evidence is as probative as direct evidence.  
Guevara
, 152 S.W.3d at 49.  After analyzing the evidence in the light most favorable to the prosecution, giving due regard to the fact finder’s resolution of any issue of inconsistencies in evidence and credibility of the witnesses, we cannot say that a rational trier of fact could not have found appellant guilty beyond a reasonable doubt.  
See
 
Ross
, 133 S.W.3d at 620.  

Thus, appellant’s issue regarding legal sufficiency is overruled.
  Having concluded that the evidence was legally sufficient, we next address the factual sufficiency of the evidence.

Standard of Review - Factual Sufficiency

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt.  
See
 
Zuniga v. State
, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004).  There are two ways in which the evidence may be insufficient.  First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. 
Id
.  Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. 
Id
. at 484-85.  

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations involving the credibility and demeanor of witnesses.  
Id
. at 481.  We may not substitute our judgment for that of the fact finder unless the verdict is clearly wrong or manifestly unjust.  
See
 
id
. at 481-82.  Finally, an opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that appellant claims undermines the jury’s verdict.  
See
 
Sims v. State
, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Analysis

We begin our review by discussing the evidence that appellant claims demonstrates a factually insufficient basis for the jury verdict.  Appellant contends that, although the State’s witnesses testified to seeing him shortly before the fire began, they did not actually see him entering or exiting the home.  Further, appellant points to the fact that none of the State’s witnesses saw any incendiary device on or about appellant’s person.  Finally, appellant attacks the credibility of the State’s witnesses by noting the disparity in the times testified to by the State’s witnesses which placed appellant leaving the scene at different times between 5:30 p.m. to 8:00 p.m.  Although appellant’s position is that the State has not shown he was the person that set the fire nor that he was not at the scene, the jury simply did not believe appellant’s version of the facts and believed the State’s evidence though circumstantial. 

It is true, as alleged by appellant, that evidence of presence at the scene of the fire shortly before the fire is discovered is not proof that appellant set the fire.  
See
 
O’Keefe v. State
, 687 S.W.2d 345, 349 (Tex.Crim.App. 1985).  However, the evidence before the jury is sufficient to establish appellant’s presence at the scene as well as a motive to commit arson.  Witnesses testified that appellant was attempting to sell the residence, was experiencing financial difficulties, and that the city was aggressively pursuing appellant for violations of city ordinances regarding the proper maintenance of property within the city limits.  A city council member testified that appellant’s property required general clean up to address overgrown grass and several inoperative vehicles in the backyard and that the property had been a subject of discussion at city council meetings for approximately three to four months.  It was undisputed that the two fires were intentionally set, that appellant was selling the property, and that the property was affecting appellant financially. This evidence was submitted to the jury for their evaluation and determination about the weight and credibility of witnesses’ testimony.  
Zuniga
, 144 S.W3d at 481.  In our review of the evidence, we will give appropriate deference to judgment of the fact finder and will not substitute our judgment for that of the jury unless the verdict is clearly wrong or manifestly unjust.  
Id
. 

After reviewing all the evidence in a neutral light, both the State’s evidence supporting the verdict and appellant’s evidence to the contrary, we cannot say that the supporting evidence was so weak nor the contrary evidence so strong that the verdict of the jury was not rational.   
Id
. at 484.  Appellant’s issue of factual sufficiency is, therefore, overruled.

Accordingly, the trial court judgment is affirmed.

Mackey K. Hancock

         Justice

Do not publish.